STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

NO. 03-1268

TOWN OF CHURCH POINT, ET AL.

VERSUS

ACADIA PARISH POLICE JURY, ET AL.

************
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, No.80,764
HONORABLE JULES D. EDWARDS, III, DISTRICT COURT JUDGE

************

GLENN B. GREMILLION
JUDGE

************

Court composed of Marc T. Amy, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

<u>AFFIRMED</u>.

J. Lee Wimberley, Jr.
Vidrine & Wimberley
P.O. Drawer 305
Church Point, LA 70525
COUNSEL FOR PLAINTIFFS/APPELLANTS:
        Town of Church Point, Et Al.

Andre! Doguet
712 The Boulevard
Rayne, LA 70578
COUNSEL FOR DEFENDANTS/APPELLEES
        Acadia Parish Police Jury, Et Al.

GREMILLION, Judge.

In this election suit, the plaintiffs-appellants, The Town of Church Point and Roger Boudreaux, the Mayor of the Town of Church Point, are contesting the statutory and constitutional authority of the Police Jury of Acadia Parish to create Mosquito Control Sales Tax District No. 3 (hereinafter the "District") and authorize the District to levy taxes. The plaintiffs are appealing a judgment of the trial court denying their relief sought in their Petition for Declaratory Judgment and Contest of Tax Election and to Declare Election a Nullity. We find that the Acadia Parish Police Jury acted within its constitutional and statutory authority to create District No. 3 and levy taxes for the District, and therefore affirm the judgment of the trial court.

On May 20, 2003, the Acadia Parish Police Jury, relying on La.R.S. 33:2721.6, adopted Ordinance 854 creating the District. On that same date, the Police Jury acting as the governing authority of the District, adopted a resolution calling for a July 19, 2003 special election to place the proposition before the voters authorizing the District to levy and collect the tax. The election was held on July 19, 2003. The electors cast 2311votes in favor of the proposition and 1766 votes against the proposition. Therefore, the proposition passed by 545 votes. On August 5, 2003, the Police Jury passed a Resolution declaring and proclaiming that the proposition was duly carried by a majority of the qualified voters, voting in the special election held July 19, 2003. On September 3, 2003, the plaintiffs filed suit pursuant to La.R.S. 18:1405(E) contesting the legality of the election and the tax authorized by the passing of the proposition.

A hearing on the merits occurred on September 10, 2003. On September 11, 2003, the trial court rendered judgment finding that the District was entitled to levy and collect a sales and use tax and that the proposition submitted to the voters of the District constituted voter approval sufficient to satisfy the provisions of La.R.S.

1

33:2721.6 for the Police Jury to collect and levy the sales and use tax. Further the trial court held that the proposition was not unconstitutional. On September 11, 2003, the plaintiffs filed their Motion for an Appeal.

Police juries as local governmental subdivisions or political subdivisions have the authority to levy and collect sales taxes. La.Const. Article VI, sections 29 and 30.

Louisiana Revised Statutes 33:2721.6A provides that the governing authority of any parish may levy and collect additional sales tax as long as the rate, combined with the rate of all other sales and use taxes, does not exceed five percent. The governing body can create a special district to utilize the additional tax so authorized. La.R.S.33:2721.6(C). Such special district shall be created by ordinance of the police jury which shall set forth the boundaries to be included in the district. La.R.S. 33:2721.6(C)(2). Such special districts, once created by the police jury, are to governed by the police jury and the officers of the policy jury are the officers of the special district. La.R.S. 33: 2721.6(C)(3).

The additional tax is to be imposed by ordinance of the police jury but only after the question of imposition of the tax has been submitted to the qualified electors of the special district at an election in which the majority of those voting vote in favor of the adoption of the ordinance. La.R.S. 33:2721.6(E).

In *Louisiana Recovery District v. All Taxpayers*, 88-C-1621 (La. 6/24/88), 529 So.2d 384, the Louisiana Supreme Court reviewed the constitutional basis for the creation of special districts and their power to levy taxes. The court said:

> One of the main objectives of Article VI of the Constitution on local government was to remove from the Constitution the great mass of material on the subject of special districts and to leave to the Legislature the responsibility for providing for special districts by statutory law. Another objective was to make parishes and municipalities more than mere creatures of the Legislature through constitutional grants of self operative powers.

2

**By pursuing these objectives the delegates hoped to eliminate the need for continual amendment of special district and local government provisions and to grant a greater degree of self-government and independence from the Legislature to municipalities and parishes.**

To facilitate these objectives a special district is classified by the local government article as a "political subdivision", which is the basic substate unit of government and generally subject to legislative control. On the other hand, municipalities and parishes are specially classified as "local governmental subdivisions" and granted significant self operative powers. **In two instances a political subdivision, i.e., a special district and others, is granted self operative powers also, viz., to levy special taxes for public works and to issue general obligation bonds. La. Const. 1974, Article VI,§§ 32 and 33. In some instances, to guard against abuse of self operative powers, the local government article expressly provides that a political subdivision must obtain voters' approval before exercising the self-operative power.**

In place of the great mass of special district provisions which had been contained in the previous constitution, Article VI, § 19 simply confirms the Legislature's plenary power to create any type of special district and to confer upon it any power the Legislature deems proper, including the power to tax and to issue debt. Article VI, § 19 provides:

Subject to and not inconsistent with this constitution, the legislature by general law or by local or special law may create or authorize the creation of special districts, boards, agencies, commissions, and authorities of every type, define their powers, and grant to the special districts, boards, agencies, commissions and authorities so created such rights, powers, and authorities as it deems proper, including, but not limited to, the power of taxation and the power to incur debt and issue bonds. (Citations omitted, Emphasis supplied).

In *Campbell v. St. Tammany Parish Police Jury*, 87-0476(La.App. 1 Cir. 11/10/87), 517 So.2d 192, *writ denied* (La. 2/26/88), 520 So.2d 424, in addressing various constitutional challenges to the creation of a special sales tax district, the court recognized that because the Police Jury is the governing body of the special district that it has duly created, the Police Jury can conduct regular business and the business of the district at the same meeting. The court said:

Lastly, as regards the issue of authority to call the election, we note that the statute providing for the creation of a sales tax district provides that the governing authority of such district is the parish police jury. LSA-R.S. 33:2721.6(C)(3). The trial court determined that the Police Jury conducted both its regular business and the business of the district

3

at its regularly scheduled meetings, refusing to hold that its authority as the governing body of the district was not properly exercised because of a special meeting for the conduct of district business was not held. We agree. **LSA-R.S. 33:2721.6 does not require a separate meeting for district business**. (Emphasis supplied).

In effect, the court in *Campbell* is recognizing the fact that at times the Police Jury is acting in its capacity as the District which it has created pursuant to La.R.S. 33:2721. The statute itself provides that the officers of the Police Jury are the officers of the District. The court in *Campbell* refused to read into the statute a requirement that when the police jury officers are acting in their capacity as officers of the district it must be only in a separate specially called meeting.

In the instant case, the Acadia Parish Police Jury followed the procedure set forth by La.R.S. 33:2721.6. The Police Jury adopted Ordinance 854 creating a special district, Mosquito Control Sales Tax District No. 3, and described its boundaries as the Parish of Acadia (excluding the municipalities of Crowley and Rayne). La.R.S. 33:2721.6(C)(2). The Police Jury then adopted a resolution calling for an election presenting to the electors of the District the proposed imposition of the tax. La.R.S. 33:2721.6(E).

The proposition placed before the voters of the District read, in pertinent part, as follows:

> Shall Mosquito Control Sales Tax District No. 3. of the Parish of Acadia, State of Louisiana (excluding the municipalities of Crowley and Rayne) (the "District"), under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority, be authorized to levy and collect as tax...

The Acadia Parish Police Jury acted within its constitutional authority to levy taxes and its statutory authority under La.R.S. 33:2721.6 to create a special district to levy an additional sales tax. The proposition presented to the voters of the District was the act of the Police Jury functioning in its capacity as the District to obtain the necessary voter approval to impose the tax to be utilized by the District. The trial court was correct in finding that the election of July 19, 2003 was a constitutional exercise of the Police Jury's authority and sufficient to satisfy the provisions of La.R.S. 33:2721.6 for the District to levy and collect sales and use tax and/or to fund the tax

4

proceeds into bonds.  For these reasons, the judgment of the trial court is affirmed at appellants' cost.

**<u>AFFIRMED.</u>**